UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

YVONNE WOLFE                                                                  CIVIL ACTION

VERSUS                                                                        NO. 22-798

UNION CARBIDE CORPORATION,                                                    SECTION M (1)
*et al.*

## ORDER & REASONS

Before the Court is a motion to dismiss the second amended complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendants The Dow Chemical Company ("Dow") and Union Carbide Corporation ("Union Carbide") (together, "Defendants").[1] Plaintiff Yvonne Wolfe responds in opposition,[2] and Defendants reply in further support of their motion.[3]

This case arises out of alleged exposure to ethylene oxide ("EtO") near a petrochemical plant in Hahnville, Louisiana, owned and operated by Dow and Union Carbide (the "facility).[4] Wolfe, who has lived near the facility for decades, brought claims for negligence, battery, and nuisance under Louisiana Civil Code articles 667-669, alleging that EtO exposure was a substantial factor in causing her to develop breast cancer.[5] Defendants moved to dismiss Wolfe's original complaint.[6] This Court, relying on a nearly identical case involving EtO emissions at a different facility, *Ellis v. Evonik Corp.*, 2022 WL 1719196 (E.D. La. May 27, 2022), dismissed Wolfe's battery claim, denied the motion as to her nuisance claim, and dismissed her negligence claim

---

[1] R. Doc. 18.
[2] R. Doc. 19.
[3] R. Doc. 22.
[4] R. Doc. 3 at 1.
[5] *Id.* at 1-12.
[6] R. Doc. 4.

without prejudice but with leave to amend the complaint to cure the shortcomings of her negligence allegations, if possible.[7] Wolfe filed a second amended complaint adding several allegations regarding the standard of care Defendants allegedly breached, citing certain provisions of what she calls the Louisiana Environmental Regulatory Code (otherwise known as the Louisiana Administrative Code), specifically, L.A.C. 33:III.905 and 33:III.2121.[8] In their present motion to dismiss, Defendants argue that Wolfe still fails to allege a specific duty they purportedly breached.[9]

This case involves the same facility, same Defendants, and same attorneys (on both sides) as another EtO emissions case pending in another section of this court, *Berthelot v. Union Carbide Corp.*, No. 22-793 (E.D. La.).[10] In *Berthelot*, Defendants moved to dismiss the original complaint, and the court granted the plaintiff leave to amend her negligence claim to allege a specific duty Defendants are said to have breached. *Berthelot v. Union Carbide Corp.*, 2022 WL 3280100, at *1 (E.D. La. Aug. 11, 2022). Berthelot's second amended complaint included allegations regarding the standard of care Defendants allegedly breached, specifically, L.A.C. 33:III.905 and 33:III.2121. *Id.* at *2. The court denied Defendants' second motion to dismiss, holding that the negligence allegations in Berthelot's second amended complaint were sufficient to allege a duty and a breach of that duty. *Id.* at *2-5. There is no material difference between the allegations in Wolfe's complaint and those in Berthelot's, nor is there any material difference in Defendants' motions to dismiss or the respective plaintiffs' oppositions in those two cases.[11] The Court sees no reason to depart from *Berthelot* at this time. This simply means that, at this juncture, Wolfe

---

[7] R. Doc. 16.
[8] R. Doc. 17 at 11.
[9] R. Docs. 18-1 at 4-10; 22 at 1-10.
[10] Wolfe and the plaintiff in *Berthelot* were both plaintiffs in *Cambre v. Union Carbide Corp.*, No. 21-1067 (E.D. La.). R. Doc. 1. The judge presiding over *Cambre* severed the case into seven distinct civil actions (including *Wolfe* and *Berthelot*), which were randomly allotted among the sections of this court. *Id.*
[11] This Court, in similar EtO cases involving a different facility, has also held that pleading L.A.C. 33:III.905 and 33:III.2121 was sufficient to allege a duty. *See Moore v. Evonik Corp.*, 2022 WL 3310736 (E.D. La. Aug. 11, 2022); *Villa v. Evonik Corp.*, 2022 WL 3285111 (E.D. La. Aug. 11, 2022).

has pleaded sufficient allegations to state a plausible claim for relief and that the parties should proceed with discovery to determine whether sufficient evidence can be adduced to support that claim. It does not mean she has won her case.

Accordingly, for the reasons stated in *Berthelot*,

IT IS ORDERED that Defendants' motion to dismiss (R. Doc. 18) is DENIED.

New Orleans, Louisiana, this 25th day of August, 2022.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE